Because "[q]ualified immunity covers civil liability claims brought against police officers under both 42 U.S.C. § 1983 and the common law," *Capone v. Marinelli,* 868 F.2d 102, 106 n. 6 (3d Cir.1989), summary judgment was also proper as to the pendent state claims.

## IV.

We hold that the probation officers and the police officer in this case are entitled to qualified immunity because their search, although warrantless, was justified because they were reasonably searching for evidence of a probation violation. We will affirm the district court's order granting summary judgment in favor of all defendants.

banc, and a majority of the judges in regular active service having voted in favor thereof, it is accordingly ADJUDGED and ORDERED as follows:

The decision of the panel filed January 24, 1992 and reported in 954 F.2d 994 (4th Cir.1992) shall be, and the same hereby is, vacated. It is FURTHER ORDERED that the clerk will see that these cases are placed on the calendar for hearing by the en banc court in the regular course of business.

---

FEDERAL LABOR RELATIONS
AUTHORITY, Petitioner,

v.

DEPARTMENT OF COMMERCE; National Oceanic and Atmospheric Administration; National Ocean Service, Respondents,

National Treasury Employees
Union, Amicus Curiae.

DEPARTMENT OF COMMERCE; National Oceanic and Atmospheric Administration; National Ocean Service, Petitioners,

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Respondent,

National Treasury Employees
Union, Amicus Curiae.

Nos. 90–1852, 90–1859.

United States Court of Appeals,
Fourth Circuit.

April 22, 1992.

## ORDER

There having been a request for a poll of the court on the petition for rehearing en

UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles William McHAN,
Defendant–Appellant.

No. 91–5187.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1992.

Decided May 4, 1992.

As Amended June 1, 1992.

